**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4345**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

WILLIE ANTHONY SAXBY,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:11-cr-00132-NCT-1)

Submitted:  November 4, 2015          Decided:  December 2, 2015

Before WILKINSON, MOTZ, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert L. McClellan, IVEY, MCCLELLAN, GATTON & SIEGMUND, LLP, Greensboro, North Carolina, for Appellant.  Robert Michael Hamilton, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2013, Willie Anthony Saxby pled guilty to passing and possessing counterfeit currency, in violation of 18 U.S.C. § 472 (2012), and the district court sentenced him to 36 months' imprisonment, to be followed by a 3-year term of supervised release. The district court found that while Saxby was on supervised release, he violated the terms of his release by (1) failing to notify the probation officer ten days prior to moving from his approved residence, and (2) testing positive for marijuana and using alcohol in excess. The district court sentenced Saxby to 12 months' imprisonment and an additional 24 months' supervised release. In accordance with Anders v. California, 386 U.S. 738 (1967), Saxby's counsel has filed a brief certifying that there are no meritorious grounds for appeal. Saxby has filed a supplemental brief raising several issues. We affirm the district court's judgment.

To revoke supervised release, a district court need only find a violation of a condition of release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012). "We review a district court's ultimate decision to revoke a defendant's supervised release for abuse of discretion." United States v. Padgett, 788 F.3d 370, 373 (4th Cir. 2015). A district court's factual findings are reviewed for clear error. Id. We conclude that the district court's factual findings are not clearly

2

erroneous and that the court did not abuse its discretion in revoking Saxby's supervised release.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." Id. (internal quotation marks omitted). Saxby's sentence of 12 months' imprisonment to be followed by 24 months' supervised release is within the statutory maximum. See 18 U.S.C. §§ 3559(a)(3), 3583(b)(2), (e)(3), (h) (2012).

"When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). A revocation sentence is procedurally reasonable if the district court adequately explains the sentence after considering the Sentencing Guidelines' Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) (2012) factors. Id. at 546-47; see 18 U.S.C. § 3583(e) (2012). "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (quoting Gall v. United States, 552

U.S. 38, 50 (2007)). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted). A revocation sentence is substantively reasonable if the court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. United States v. Crudup, 461 F.3d 433, 440 (4th Cir. 2006). Only if we find a sentence to be unreasonable will we consider whether it is plainly so. Id. at 439.

While the district court did not explicitly refer to the Sentencing Guidelines' Chapter Seven policy statements, Saxby's policy statement range, or the relevant § 3553(a) factors, the district court's rationale is apparent from the context surrounding its decision. See United States v. Montes-Pineda, 445 F.3d 375, 381 (4th Cir. 2006). Defense counsel advised the district court of Saxby's correct policy statement range of 8 to 14 months' imprisonment, and the sentence imposed falls within that range. Additionally, the district court's explanation of its sentence, while not explicitly mentioning § 3553(a), referred to the nature and circumstances of Saxby's violations and the need for the sentence to deter future violations. See 18 U.S.C. § 3553(a)(1), (2)(B). Moreover, the district court

4

offered an individualized explanation of why it was sentencing Saxby to serve a term of imprisonment and an additional term of supervised release. Thus, we conclude that Saxby's sentence is reasonable.

In accordance with Anders, we have reviewed the entire record in this case, including the issues raised in Saxby's pro se brief, and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment and deny as moot Saxby's motion to expedite. This court requires that counsel inform Saxby, in writing, of the right to petition the Supreme Court of the United States for further review. If Saxby requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Saxby.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>